NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
BRENT A. WHITTLESEY (Cal. Bar No. 73493)
Assistant United States Attorney
Asset Forfeiture Section
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-5421
    Facsimile: (213) 894-0142
    E-mail: Brent.Whittlesey@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> $77,487.00 IN U.S. CURRENCY, <br><br> Defendant. | No. 2:20-CV-07525 <br><br> VERIFIED COMPLAINT FOR FORFEITURE <br><br> 21 U.S.C. § 881(a)(6) <br><br> [DEA] |

Plaintiff United States of America brings this claim against defendant $77,487.00 in U.S. Currency, and alleges as follows:

### JURISDICTION AND VENUE

1. This is an *in rem* civil forfeiture action brought pursuant to 21 U.S.C. § 881(a)(6).

2. This Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 1345 and 1355.

3.   Venue lies in this district pursuant to 28 U.S.C. § 1395.

## PERSONS AND ENTITIES

4.   The plaintiff in this action is the United States of America.

5.   The defendant in this action is $77,487.00 in U.S. Currency (the "defendant currency") seized by law enforcement officers from Hiensley Fisher ("Fisher") on November 6, 2019, at the Los Angeles International Airport, One World Way, Los Angeles, California 90045.

6.   The defendant currency is currently in the custody of the United States Marshals Service in this District, where it will remain subject to this Court's jurisdiction during the pendency of this action.

7.   The interests of Fisher may be adversely affected by these proceedings.

## FACTS SUPPORTING FORFEITURE

8.   On November 6, 2019, Drug Enforcement Administration ("DEA") Los Angeles International Airport ("LAX") Group 3[1] officers received information that Fisher was traveling on American Airlines flight number 171 from New York, New York[2] to Los Angeles, California.

9.   Officers learned that Fisher was carrying a substantial quantity of currency.

---

[1] DEA Group 3 is a task force comprised of DEA special agents, Los Angeles County Sheriff Department deputies and detectives, Los Angeles Police Department officers and Los Angeles Airport officers (collectively referred to herein as "officers").

[2] New York, New York is a known consumer city for narcotics and Los Angeles is a known source city where narcotics can be purchased.

2

10. When Fisher arrived in Los Angeles, officers initiated a consensual encounter with him in the gate area near the escalators to further investigate the purpose of his travel.

Initial Encounter of Fisher

11. Officers approached Fisher, identified themselves, and told Fisher that he was not under arrest but that the officers wished to ask Fisher some security questions about Fisher's travel from New York to Los Angeles. Fisher agreed to answer questions. With uncontrollably shaking hands, Fisher provided a driver's license to confirm to the officers Fisher's identity.

12. Upon questioning, Fisher stated that he was traveling to Northern California to purchase retirement real estate. However, Fisher also stated that he had no particular location in mind, had not made any arrangements with real estate agents to view possible real estate to purchase, and had no answers for the desired price of property.

13. Fisher also told officers that he had purchased the one way ticket the day before and had not scheduled the return trip to New York yet. Narcotics currency couriers frequently purchase one way tickets because they do not know when the narcotics transactions will be completed.

14. Officers asked Fisher whether he was carrying a large sum of money or contraband. Fisher reported no contraband but had approximately $70,000.00 in his possession.

15. Fisher consented to a search his luggage. Officers found a square shaped vacuum sealed package secreted in Fisher's clothing. Narcotics currency couriers frequently attempt to secret currency in their clothing to avoid detection by law enforcement.

Office Interview of Fisher

16. Officers asked Fisher to accompany them to the DEA airport office and Fisher agreed to accompany the officers to the DEA airport office. At the office, officers examined the currency and found that it was wrapped in newspaper and vacuum sealed inside two plastic bags. Narcotics currency couriers frequently vacuum seal currency in an effort to avoid detection by narcotics detection canines. Officers also found a black Wells Fargo Bank pouch that contained a bundle of currency and a cellular telephone. The currency bundles were separated by denomination and wrapped in rubber bands. Narcotics currency couriers frequently bundle narcotics proceeds by the denomination of the bills, and wrap the bundles in rubber bands.

17. In response to questions from officers, Fisher stated that he had withdrawn the currency from a personal bank account in increments over the prior year, and kept the currency at his residence. Officers asked Fisher why he had withdrawn the money in increments. Fisher had no reason for withdrawing the money in increments. When Fisher was asked why he had attempted to conceal the currency in luggage, Fisher said that there was no reason to do so and that it was a personal choice.

18. Officers inquired about Fisher's source of income. Fisher claimed that he was part owner of Five Guys burger restaurants in New York, but was unable to provide addresses, contact information or other identifying information. Fisher was unable to provide a name of anyone who could corroborate Fisher's ownership (of any degree) of the restaurants.

19. Officers placed the currency in a DEA evidence bag and called for a trained narcotics detection canine to come to the

office. Los Angeles Police Department Officer B. Coffey brought his trained narcotics detection canine, Zuke, to the DEA office to conduct the sniff test. The trained narcotics detection canine alerted to the odor of narcotics emanating from the currency, indicating that the currency had recently been in the presence of narcotics.

20. The defendant $77,487.00 in U.S. currency was in denominations consistent with drug trafficking and consisted of 17 one dollar bills, 4 five dollar bills, 121 twenty dollar bills, 100 fifty dollar bills, and 700 one hundred dollar bills.

21. As noted above, a trained, state-certified narcotic detection canine named Zuke conducted a sniff test of the currency in Fisher's possession. Zuke was first certified as a narcotics detection canine on April 30, 2019, and was most recently certified on September 13, 2019. Zuke alerts to the odor of cocaine, heroin and methamphetamine. Zuke does not alert to currency itself but instead to the presence of controlled substances on the currency. Zuke has received over 175 hours of training and has successfully located over 750 training aids that included actual narcotics.

## CLAIM FOR RELIEF

22. Based on the above, plaintiff alleges that the defendant currency represents or is traceable to proceeds of illegal narcotic trafficking or was intended to be used in one or more exchanges for a controlled substance or listed chemical, in violation of 21 U.S.C. § 841 et seq. The defendant currency is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

//
//

WHEREFORE, plaintiff United States of America prays:

(a) that due process issue to enforce the forfeiture of the defendant currency;

(b) that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed;

(c) that this Court decree forfeiture of the defendant currency to the United States of America for disposition according to law; and

(d) for such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

DATED: August 19, 2020

NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Division

　　/s/ *Brent A. Whittlesey*
BRENT A. WHITTLESEY
Assistant United States Attorney
Asset Forfeiture Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

VERIFICATION

I, Roland Spears, hereby declare that:

1. I am a Task Force Officer with the U.S. Drug Enforcement Administration.

2. I have read the above Verified Complaint for Forfeiture and know its contents. It is based upon my own personal knowledge and reports provided to me by other law enforcement agents.

3. Everything contained in the Complaint is true and correct, to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed AUGUST 19, 2020 in Los Angeles, California.

ROLAND SPEARS
Task Force Officer
U.S. Drug Enforcement Administration

7